# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DANA MARTINEZ,

        Plaintiff,

        v.

MIDLAND FUNDING, LLC, MIDLAND
CREDIT MANAGEMENT, INC; and
ENCORE CAPITAL GROUP, INC.,

        Defendants.

**Case No.:**

**JURY TRIAL DEMANDED**

## COMPLAINT

DANA MARTINEZ ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MIDLAND FUNDING, LLC ("Defendant Midland"), MIDLAND CREDIT MANAGEMENT, INC ("Defendant MCM"); and ENCORE CAPITAL GROUP, INC. ("Defendant Encore").

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from unlawful debt collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

- 1 -

without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.    Defendants conduct business in the State of Maryland, and therefore, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

**PARTIES**

5.    Plaintiff is a natural person residing in Hernandez, New Mexico.

6.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.    Defendant Midland is a corporation specializing in debt collection and conducts business at 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

8.    Defendant MCM is a corporation specializing in debt collection and conducts business at 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

9.    Defendant Encore is a corporation specializing in debt collection and conducts business at 400 E. Pratt St., 8th Fl., Baltimore, MD 21203.

10.    Defendants are "debt collector(s)" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

11.    Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

12.    At all relevant times, Defendants were acting in concert and attempting to collect an alleged consumer debt from Plaintiff, related to a GE Money Bank credit card.

- 2 -

13.     The debt arose out of transactions that were primarily for personal, family, or household purposes.

14.     As Plaintiff has no business debt, the debt sought by Defendants could only have been for personal purposes.

15.     Between December 2012 and March 2013, Defendants' collectors placed repeated harassing telephone calls to Plaintiff's home, cellular, and work telephones.

16.     Defendants' calls originated from numbers, including but not limited to, (800) 265-8825. The undersigned has confirmed that this number belongs to Defendant MCM.

17.     Defendants regularly called Plaintiff at least two or more times per day, with an intent to harass Plaintiff.

18.     Defendants continued this abusive pattern of calls even after Plaintiff told Defendants to stop calling her on her home telephone.

19.     Defendants regularly called Plaintiff's father indicating that Plaintiff owed a debt.

20.     This was extremely embarrassing to Plaintiff, who did not want her father to know about this debt.

21.     Plaintiff and her father both told Defendant to stop calling him, but the calls continued.

22.     Defendants also called and spoke with Plaintiff's coworkers at her place of employment, indicated that Plaintiff owes a debt.

23.     This was also extremely embarrassing to Plaintiff as she did not want her co-workers to know about this debt.

24.     Plaintiff told Defendants to stop calling her coworkers.

25.     Therefore, Plaintiff now believes that the only purpose of Defendants' calls were

to coerce Plaintiff into paying the alleged debt.

26. At all times, Defendants acted intentionally to harass, abuse and coerce Plaintiff into paying an alleged debt.

## COUNT I
## DEFENDANTS VIOLATED § 1692b(2) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. Section 1692b(2) of the FDCPA prohibits debt collectors from communicating with any persons other than the consumer for the purpose of acquiring location information from stating that the consumer owes any debt.

28. Defendants violated § 1692b(2) of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's father and co-workers, disclosing their intent to collect a debt.

## COUNT II
## DEFENDANTS VIOLATED § 1692b(3) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692b(3) of the FDCPA prohibits debt collectors from communicating with any persons other than the consumer for the purpose of acquiring location information from communicating with any such person more than once unless requested to do so, or the debt collector believes the information provided by such person is erroneous or incomplete.

30. Defendants violated § 1692b(3) of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's relatives and co-workers, despite repeated requests to cease communication and with no reasonable belief of erroneous or incomplete location information.

### COUNT III
### DEFENDANTS VIOLATED § 1692c(b) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

31.  Section 1692c(b) of the FDCPA prohibits debt collectors from communicating with third parties, without the prior consent of the consumer given to the debt collector, the express permission of a court of competent jurisdiction, unless reasonably necessary to effectuate a post-judgment judicial remedy.

32.  Defendants violated § 1692c(b) of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's relatives and co-workers, despite repeated requests to cease communication and with no consent from Plaintiff, express court permission or such communication being reasonably necessary to effectuate a post-judgment judicial remedy.

### COUNT IV
### DEFENDANTS VIOLATED §§ 1692d AND 1692d(5) OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

33.  Section 1692d of the FDCPA prohibits debt collectors from engaging in harassing, oppressive, or abusive conduct in their attempts to collect an alleged consumer debt.

34.  Section 1692d(5) of the FDCPA specifically enumerates repeatedly causing a telephone to ring with intent to annoy, abuse, or harass as a violation.

35.  Defendants violated §§ 1692d and 1692d(5) of the FDCPA when they repeatedly and continuously placed telephone calls to Plaintiff's telephones with the intent to annoy or harass, and when they engaged in other harassing conduct.

PLAINTIFF'S COMPLAINT

## COUNT V
## DEFENDANTS VIOLATED §§ 1692e and 1692e(10) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

36.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37.     Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representation or deceptive means to collect or attempt to collect any debt.

38.     Defendants violated §§ 1692e and 1692e(10) when they misrepresented the amount owed, when they threatened to raise interest rates to make the debt impossible to pay, when they threatened to remove the possibility of payment arrangements, and when they engaged in other misleading or deceptive conduct.

## COUNT VI
## DEFENDANT VIOLATED § 1692f OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

34.     Defendants violated section 1692f of the FDCPA when they threatened to raise interest rates to make the debt impossible to pay, when they threatened to remove the possibility of payment arrangements, and when they engaged in other unfair or unconscionable conduct.

- 6 -

WHEREFORE, Plaintiff, DANA MARTINEZ, respectfully prays for a judgment as follows:

    a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.17;

    b.  Statutory damages of $1,000.00 for its violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.17;

    c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Cal. Civ. Code § 1788.17; and

    d.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DANA MARTINEZ, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: November 27, 2013

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Kimmel & Silverman, P.C
    Bar ID No. 29950
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff