UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

March 26, 2014

MEMORANDUM TO COUNSEL RE:     Dana Martinez v. Midland Funding, LLC, et al.
                                                              Civil Action No. GLR-13-3611

Dear Counsel:

This matter arises out Defendants', Midland Funding, LLC ("Midland"), Midland Credit Management, Inc. ("MCM"), and Encore Capital Group, Inc. ("ECG") (collectively, "Defendants"), alleged unlawful collection of Plaintiff Dana Martinez's GE Money Bank credit card debt.  Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for lack of jurisdiction.  (ECF No. 6).  The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary.  See Local Rule 105.6 (D.Md. 2011).  For the reasons outlined below, the Court will grant Defendants' Motion in part.

On November 27, 2013, Martinez, a New Mexico resident, filed a Complaint in this Court alleging that Defendants committed several violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. (2012).  According to Martinez, between December 2012 and March 2013, Defendants, acting in concert, attempted to collect a debt related to her GE Money Bank credit card by repeatedly calling her home, cellular, and work telephones, as well as speaking with her father and coworkers.  On February 3, 2014, Defendants filed the pending Motion to Dismiss for lack of personal jurisdiction.

Federal Rule of Civil Procedure 12(b)(2) governs motions to dismiss for lack of personal jurisdiction.  When a nonresident defendant challenges a court's power to exercise jurisdiction, "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence."  Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs. Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59-60 (4th Cir. 1993)).  A plaintiff need only make a prima facie case for personal jurisdiction, however, when the court decides the motion without an evidentiary hearing.  Id. (citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989)).  "In deciding whether the plaintiff has made the requisite showing, the court must take all disputed facts and reasonable inferences in favor of the plaintiff."  Id.  According to Defendants, this Court lacks specific jurisdiction over them because Martinez's Complaint fails to allege that the events giving rise to her claims occurred in, or were otherwise remotely connected to, Maryland.  Similarly, Defendants aver that this Court lacks general jurisdiction over them because Martinez fails to allege facts to sufficiently show that Defendants are "at home" in Maryland.  The Court agrees with both contentions.

A federal court's ability to exercise personal jurisdiction over a nonresident defendant relies on a state's long-arm statute and the due process limits of the U.S. Constitution. See Shamsuddin v. Vitamin Research Prods., 346 F.Supp.2d 804, 807 (D.Md. 2004). "Maryland courts have consistently held that the state's long-arm statute is co-terminous with the extent of jurisdiction permitted by the Due Process Clause of the Fourteenth Amendment." Young Again Prods., Inc. v. Acord, 307 F.Supp.2d 713, 715 (D.Md. 2004) (citing Elec. Broking Servs., Ltd. v. E-Bus. Solutions & Servs., 285 F.Supp.2d 686, 689 (D.Md. 2003)). "Although the statutory and constitutional inquiries merge, the Court must address both elements in the personal jurisdiction analysis." Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 888 F.Supp.2d 691, 698 (D.Md. 2012). In light of International Shoe Co. v. Washington, 326 U.S. 310 (1945), courts have recognized two types of jurisdiction: general and specific. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2853-54 (2011). The Court will only address general jurisdiction because Martinez concedes that the availability of specific jurisdiction is unclear upon the facts alleged. (See Pl.'s Resp. to Defs.' Mot. to Dismiss ["Pl.'s Resp."] at 4, ECF No. 7-1) ("At this time, it is unclear if specific jurisdiction exists because it is unclear which of the Defendants' operation centers initiated the contacts complained of in Plaintiff's Complaint.").

Aside from the long-arm requirements, a court may assert general jurisdiction over a nonresident defendant within the bounds of due process when its "'affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State.'" Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014) (quoting Goodyear, 131 S.Ct. at 2851). Martinez alleges that personal jurisdiction is established because Defendants "conduct business in the State of Maryland." (Compl. ¶ 3). Specifically, Martinez alleges Defendants are "corporation[s] specializing in debt collection" and they "conduct[] business at 400 E. Pratt St., 8th Fl., Baltimore, MD 21203." (Id. ¶¶ 7-9). This is the extent of her jurisdictional allegations in the Complaint. In her Response, however, Martinez adds that Midland and MCM maintain Maryland collection licenses and have participated in a substantial amount of litigation in Maryland. (See Pl.'s Resp at 2-3). Martinez's Response does not include additional allegations against ECG.

As alleged, Defendants, who are California residents, engage in debt collection activities from their Maryland property and regularly defend, or institute, those collection activities in Maryland courts. Maryland's long-arm statute permits a jurisdictional basis to be predicated upon "any act enumerated in [the statute]." Md. Code Ann., Cts. & Jud. Proc. § 6-103(a) (West 2014). Martinez's allegations are most applicable to §§ 6-103(b)(1) & (5), which permits a court to exercise personal jurisdiction over a defendant who "[t]ransacts any business or performs any character of work or service in the State" or "[h]as an interest in, uses, or possesses real property in the State."

Martinez's allegations, however, are insufficient for the Court to determine whether Defendants' affiliations with Maryland render them "at home" here. See, e.g., Daimler, 134 S.Ct. at 762 n.20 ("A corporation that operates in many places can scarcely be deemed at home in all of them. Otherwise, 'at home' would be synonymous with 'doing business' tests framed before specific jurisdiction evolved in the United States."). Of particular import is Martinez's failure to indicate the extent of Defendants' alleged collection activity in Maryland. Defendants' alleged property in

2

Maryland and collection licenses fail to shed light on whether their affiliations with Maryland are "continuous and systematic." Moreover, Martinez fails to indicate whether ECG holds a similar license. As alleged, Defendants' affiliations with Maryland are not "so 'continuous and systematic' as to render them essentially at home" in Maryland. Therefore, the Court lacks personal jurisdiction over Defendants.

Accordingly, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED IN PART. In the interest of justice, the Court will transfer this case to the U.S. District Court for the Southern District of California. See 28 U.S.C. § 1406(a) (West 2014) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); In re Carefirst of Md., Inc., 305 F.3d 253, 255-56 (4th Cir. 2002) (collecting cases).

Despite the informal nature of this memorandum, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly. The Clerk is also directed to transfer this matter to the U.S. District Court for the Southern District of California and CLOSE this case.

Very truly yours,

/s/
_____
George L. Russell, III
United States District Judge